**WO**                                                                                                           RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mark Steven Parker, | ) | No. CV 10-2747-PHX-GMS (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Adu-Tutu, et al., | ) | |
| Defendants. | ) | |

On December 20, 2010, Plaintiff Mark Steven Parker, who is confined in the Arizona State Prison Complex-Florence (ASPC-Florence), filed a *pro se* pleading entitled "Order To Cause For A[n] Injunction For Writ Of Habeas Corpus By A Person In State Custody" (Doc. 1), which the Clerk of Court docketed as a Petition for Writ of Habeas Corpus (Petition). Plaintiff also filed a pleading entitled "Injunction For a Writ Of Habeas Corpus By A Person In State Custody" (Doc. 2) and an "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 3).

By Order filed January 4, 2011 (Doc. 5), the Court dismissed without prejudice, with leave to amend, Plaintiff's Petition (Doc. 1), which the Court construed as a civil rights Complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint that complied with the Order.

The Court's Order also denied without prejudice Plaintiff's pleading entitled

JDDL

1  "Injunction For a Writ Of Habeas Corpus By A Person In State Custody" (Doc. 2) and
2  "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 3). Plaintiff
3  was given 30 days from the filing date of the Order to either pay the $350.00 filing fee or file
4  a completed "Application To Proceed *In Forma Pauperis* By A Prisoner Civil (Non-
5  Habeas)" and a certified six-month trust account statement from the Arizona Department of
6  Correction's Central Office. To date, Plaintiff has not yet complied with the Court's January
7  4, 2011 Order.

**I.  Motion for Leave to Amend and Application to Proceed**

On January 3, 2011, Plaintiff filed a "Motion For Leave To File An Amended Complaint To Injunction For Writ Of Habeas Corpus" (Doc. 6) and a second "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 7). Neither of these pleadings came to the attention of the Court before the Court's January 4, 2011 Order (Doc. 5) was filed.

Based on the reasoning in the Court's January 4, 2011 Order, the Court will deny without prejudice as moot both Plaintiff's "Motion For Leave To File An Amended Complaint To Injunction For Writ Of Habeas Corpus" (Doc. 6) and second "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 7).

Plaintiff is advised that he must still comply with the Court's January 4, 2011 Order in a timely manner.

**II.  Warnings**

**A.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.  Copies**

Plaintiff must submit an additional copy of every document that he files for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without

1 further notice to Plaintiff.

**C.   Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order and the Court's January 4, 2010 Order (Doc. 5), including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's "Motion For Leave To File An Amended Complaint To Injunction For Writ Of Habeas Corpus" (Doc. 6) and second "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 7) are **denied without prejudice as moot**.

(2)   **If** Plaintiff fails to comply with the Court's January 4, 2011 Order (Doc. 5) within 30 days from the filing date of that Order, the Clerk of Court **must**, without further notice, **enter** a judgment of dismissal of this action without prejudice.

DATED this 11th day of January, 2011.

G. Murray Snow
United States District Judge

- 3 -