**WO**                                                                                                          RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Steven Parker,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Adu-Tutu, et al.,<br><br>　　　　Defendants. | No. CV 10-2747-PHX-GMS (ECV)<br><br>**ORDER** |

On December 20, 2010, Plaintiff Mark Steven Parker, who is confined in the Arizona State Prison Complex (ASPC)-Tucson, filed a *pro se* pleading entitled "Order To Cause For A[n] Injunction For Writ Of Habeas Corpus By A Person In State Custody" (Doc. 1), which the Clerk of Court docketed as a Petition for Writ of Habeas Corpus (Petition). Plaintiff also filed a pleading entitled "Injunction For a Writ Of Habeas Corpus By A Person In State Custody" (Doc. 2) and an "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 3).

By Order filed January 4, 2011 (Doc. 5), the Court dismissed without prejudice, with leave to amend, Plaintiff's Petition (Doc. 1), which the Court construed as a civil rights Complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint that complied with the Order.

**TERMPSREF**

1 | The Court's Order also denied without prejudice Plaintiff's pleading entitled
2 | "Injunction For a Writ Of Habeas Corpus By A Person In State Custody" (Doc. 2) and
3 | "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 3). Plaintiff
4 | was given 30 days from the filing date of the Order to either pay the $350.00 filing fee or file
5 | a completed "Application To Proceed *In Forma Pauperis* By A Prisoner Civil (Non-
6 | Habeas)" and a certified six-month trust account statement from the Arizona Department of
7 | Correction's Central Office.

8 | On January 3, 2011, Plaintiff filed a "Motion For Leave To File An Amended
9 | Complaint To Injunction For Writ Of Habeas Corpus" (Doc. 6) and a second "Application
10 | To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 7). Neither of these
11 | pleadings came to the attention of the Court before the Court's January 4, 2011 Order
12 | (Doc. 5) was filed. By Order filed January 11, 2011 (Doc. 9), the Court denied without
13 | prejudice as moot both Plaintiff's "Motion For Leave To File An Amended Complaint To
14 | Injunction For Writ Of Habeas Corpus" and second "Application To Proceed *In Forma
15 | Pauperis* By A Prisoner (Habeas)." Plaintiff was advised that he must still comply with the
16 | Court's January 4, 2011 Order (Doc. 5) in a timely manner.

17 | On February 16, 2011, Plaintiff filed a "Motion For: Injunctive Relief" (Doc. 11).
18 | Then, on February 22, 2011, Plaintiff filed a First Amended Complaint (Doc. 12), an
19 | "Application To Proceed *In Forma Pauperis* (Doc. 13), a "Certified Statement Of Account"
20 | (Doc. 14), and a pleading entitled "Motion For: Informing Court of Due Process Violations"
21 | (Doc. 15).

22 | On March 23, 2011, Plaintiff filed a Notice of Change of Address (Doc. 16) and a
23 | "Motion For: Request For Status" (Doc. 17). On April 4, 2011, Plaintiff filed "Plaintiff's
24 | Motion For Preliminary Injunction" (Doc. 18), "Memorandum Of Law In Support Of
25 | Plaintiff's Motion For Preliminary Injunction" (Doc. 19), and a "Motion For Leave To File
26 | An Amended Complaint" (Doc. 20). On April 5, 2010, the Court issued a "Notice To Filer
27 | Of Deficiencies In Electronically Filed Documents" (Doc. 21). On April 18, 2011, Plaintiff
28 | filed a "Motion For Extension Of Time" (Doc. 22) and a pleading entitled "Filer Not In

| | |
|---|---|
| 1 | Possession Requesting Copy" (Doc. 23). |
| 2 | By Order filed April 21, 2011 (Doc.24), the Court granted Plaintiff's Application to |
| 3 | Proceed *In Forma Pauperis* (Doc. 13); granted in part and denied in part Plaintiff's "Motion |
| 4 | For: Request For Status" (Doc. 17), "Motion For Leave To File An Amended Complaint" |
| 5 | (Doc. 20), and pleading entitled "Filer Not In Possession Requesting Copy" (Doc. 23); |
| 6 | denied Plaintiff's "Motion For Extension Of Time" (Doc. 22) as moot; denied without |
| 7 | prejudice Plaintiff's "Motion For: Injunctive Relief" (Doc. 11), "Motion For: Informing |
| 8 | Court of Due Process Violations" (Doc. 15), and "Plaintiff's Motion For Preliminary |
| 9 | Injunction" (Doc. 18); dismissed without prejudice Plaintiff's First Amended Complaint |
| 10 | (Doc. 12); gave Plaintiff 30 days from the date the Order was filed to file a second amended |
| 11 | complaint; and directed the Clerk of Court to mail to Plaintiff a copy of his First Amended |
| 12 | Complaint (Doc. 12) and a court-approved form for filing a civil rights complaint by a |
| 13 | prisoner. |
| 14 | On May 16, 2011, Plaintiff filed a Second Amended Complaint (Doc. 26), a new |
| 15 | "Application To Proceed *In Forma Pauperis*" (Doc. 27), a "Certified Statement Of Account" |
| 16 | (Doc. 28), "Plaintiff's Motion For Preliminary Injunction" (Doc. 29), "Memorandum Of Law |
| 17 | In Support Of Plaintiff's Motion For Preliminary Injunction" (Doc. 30), and "Motion For: |
| 18 | Extraordinary Circumstances Exist For Delay Filing" (Doc. 31).  On June 22, 2011, Plaintiff |
| 19 | filed a "Motion For Due Process Violation Request For Injunctive Relief" (Doc. 34). |

**I.      New Application to Proceed *In Forma Pauperis***

Because Plaintiff's previous Application to Proceed *In Forma Pauperis* (Doc. 13) was granted by Order filed April 21, 2011 (Doc. 24), the Court will deny as moot Plaintiff's new Application to Proceed *In Forma Pauperis* (Doc. 27).

**II.     Motion to Allow Late Filing**

In Plaintiff's "Motion For: Extraordinary Circumstances Exist For Delay Filing" (Doc. 31), Plaintiff requests this Court to "allow late filing due to no fault of Plaintiff." Because Plaintiff's Second Amended Complaint (Doc. 26) was timely filed within 30 days of the Court's April 21, 2011 Order (Doc. 24), the Court will deny as moot Plaintiff's

1 Motion.

## III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**IV.  Second Amended Complaint**

Plaintiff should take notice that all causes of action alleged in an original complaint or first amended complaint which are not alleged in a second amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Second Amended Complaint (Doc. 26) with respect to only those Defendants specifically named in the Second Amended Complaint.

Named as Defendants in the Second Amended Complaint are: (1) Charles L. Ryan, Director, Arizona Department of Corrections (ADOC); (2) Adu-Tutu, Doctor, Facility Health Administrator (FHA); (3) Phen, Doctor, FHA, ASPC-Florence; (4) Chitwood, Physician's Assistant, North and East Units, ASPC-Florence; (5) Thunderwood, Doctor, ASPC-Fort Grant; (6) John Doe Food Service Canteen Manager; (7) John Doe Doctor, ASPC-Fort Grant; (8) Rowe, Doctor, FHA; and (9) Kenter, Doctor, Stiner Unit, ASPC-Lewis.

Plaintiff alleges nine counts in the Second Amended Complaint and seeks a jury trial, a proper medical diet for gout, "doctor prescribed shoes," and monetary damages.

**V.  Discussion**

**A.  Introduction**

Under the heading of "A. Introduction" in the Second Amended Complaint (Doc. 26), Plaintiff states that "[t]his is a 1983 action filed by Plaintiff, Mark Parker, a state prisoner, alleging violation of his constitutional right to receive adequate and proper medical treatment for chronic gout and seeking injunctive relief and money damages and damages pursuant to the Americans with Disabilities Act and the Rehabilitation Act." However, Plaintiff does not make any claims under either the Americans with Disabilities Act or the Rehabilitation Act in the counts of his Second Amended Complaint. Accordingly, the Court will dismiss any claims that Plaintiff may be trying to make under either the Americans with Disabilities Act or the Rehabilitation Act for failure to state a claim upon which relief may be granted.

**B. Count I**

In Count I, Plaintiff claims that his Eighth Amendment rights were violated by Defendant Thunderwood when he diagnosed him with chronic gout and prescribed a low-purine diet, by Defendant John Doe Doctor when he "overrode" the low-purine medical diet that was prescribed by Defendant Thunderwood and "confiscated" Plaintiff's diet card, and by Defendant John Doe Food Service Canteen Manager when he "refused" to provide Plaintiff with the low-purine medical diet that was prescribed by Defendant Thunderwood.

To establish a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). This requires the plaintiff to satisfy both the objective and subjective components of a two-part test. Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). First, the plaintiff must demonstrate that he or she suffered a serious medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Second, the plaintiff must show that the defendant's response to that serious medical need was deliberately indifferent. "[D]eliberate indifference to a prisoner's serious medical needs is the 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104-05. An official is deliberately indifferent if he both knows of and disregards an excessive risk to an inmate's health. Farmer v. Brennan, 511 U.S. 825, 837 (1970).

"Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002) (emphasis added); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must

rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

Plaintiff's allegations against Defendant Thunderwood are insufficient to state an Eighth Amendment claim for inadequate medical care. Plaintiff does not show how Defendant Thunderwood was deliberately indifferent to a serious medical need. Indeed, it appears that Defendant Underwood not only made the diagnosis of chronic gout for Plaintiff but also he gave him what Plaintiff considered to be an appropriate medical diet. Accordingly, the Court will dismiss Plaintiff's claims in Count I against Defendant Thunderwood for failure to state a claim upon which relief may be granted.

Plaintiff has also failed to state a claim for inadequate medical care against Defendant John Doe Food Service Canteen Manager. Although Plaintiff alleges that Defendant John Doe Food Service Canteen Manager "refused" to provide Plaintiff with the low-purine medical diet that was prescribed by Defendant Thunderwood, Plaintiff does not make any showing that this Defendant, who is not a doctor, knew that there was an excessive risk to Plaintiff's health if he did not receive a low-purine diet. Accordingly, the Court will dismiss Plaintiff's claims in Count I against Defendant John Doe Food Service Canteen Manager for failure to state a claim upon which relief may be granted.

Liberally construed, Plaintiff has stated an Eighth Amendment claim against Defendant John Doe Doctor. However, the Court will not direct that service be made on Defendant John Doe Doctor at this time.

Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d

1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Accordingly, Plaintiff may use the discovery processes to obtain the name of the person who he believes violated his constitutional rights. If Plaintiff discovers the true identity of this fictitious party through the discovery process, or otherwise, he may seek leave of the Court to amend his Second Amended Complaint to name the individual in place of Defendant John Doe Doctor.

**C.  Count II**

In Count II, Plaintiff claims that his Eighth Amendment rights were violated by Defendant Chitwood when she prescribed a "control protein diet" for Plaintiff, which Plaintiff asserts is an "improper diet for gout," when she had to prescribe special shoes for Plaintiff because of the damage the "improper diet" caused, and when she had to increase the dosage of Plaintiff's gout medication "Allopurinal" to counter the effects of the "control protein diet." Plaintiff also claims that his Eighth Amendment rights were violated by Defendant Rowe when he denied Defendant Chitwood's request to prescribe a "'no meat' diet" for Plaintiff.

Plaintiff's allegations against Defendant Chitwood do not rise to the level of Eighth Amendment violations. At most, Plaintiff's allegations against Defendant Chitwood constitute a difference of opinion about the proper diagnosis and treatment for his gout that does not amount to deliberate indifference. See Sanchez, 891 F.2d at 242. This is not a case where Defendant Chitwood refused to treat Plaintiff's gout. Instead, Defendant Chitwood prescribed a medical diet for Plaintiff and made efforts to mitigate the effects of the diet by increasing the dosage of his medication, prescribing special shoes, and trying to prescribe a different diet for Plaintiff after Plaintiff's joints were damaged and he suffered pain. Accordingly, the Court will dismiss Plaintiff's claims in Count II against Defendant Chitwood for failure to state a claim upon which relief may be granted.

Liberally construed, Plaintiff has stated an Eighth Amendment claim against Defendant Rowe in Count II. Accordingly, the Court will require Defendant Rowe to answer Count II.

**D. Count III**

In Count III, Plaintiff claims that his Eighth Amendment rights were violated by Defendant Phen when he requested a "'no meat' diet" for Plaintiff after he "saw a for seeable harm" if Plaintiff stayed on the "control protein diet that Defendant Chitwood prescribed," when he requested a "'no meat' diet" for Plaintiff, and when he added a "resource (a protein powder) to the improper control protein diet" after Defendant Rowe refused his request for the "'no meat' diet." Plaintiff also claims that his Eighth Amendment rights were violated by Defendant Rowe when he denied Defendant Phen's request to prescribe a "'no meat' diet" for Plaintiff.

Plaintiff's allegations against Defendant Phen do not rise to the level of Eighth Amendment violations. Defendant Phen was not deliberately indifferent to the medical need to treat Plaintiff's gout; Defendant Phen tried to prescribe a "'no meat' diet" for Plaintiff and added a "resource (a protein powder)" to Plaintiff's "control protein diet" in an effort to stop Plaintiff from losing weight. Accordingly, the Court will dismiss Plaintiff's claims in Count III against Defendant Phen for failure to state a claim upon which relief may be granted.

Liberally construed, Plaintiff has stated an Eighth Amendment claim against Defendant Rowe in Count III. Accordingly, the Court will require Defendant Rowe to answer Count III.

**E. Count IV**

In Count IV, Plaintiff claims that his Eighth Amendment rights were violated by Defendant Kenter when he "refused to pr[e]scribe a medical diet for [Plaintiff's] chronic gout" from "approximately 2008 to 2009."

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

Plaintiff's allegations against Defendant Kenter are too conclusory and vague to state a claim under the Eighth Amendment. Plaintiff does not allege any facts whatsoever about the circumstances surrounding his conclusory allegations. Accordingly, the Court will dismiss Count IV for failure to state a claim upon which relief may be granted.

**F.     Count V**

In Count V, Plaintiff claims that his Eighth Amendment rights were violated by Defendant Chitwood when she tried to "discredit" him by "creating a campaign of false reporting on Plaintiff's medical record." Plaintiff alleges that when he is having a "severe and painful gout attack," he is "directed to fill out an H and R and made to wait for as long as five [] days to be seen." Plaintiff further alleges that Defendant Chitwood "knows or should know that a gout flare-up only lasts one to three days," but "deliberately delays [his] medical appointment until the signs of [the] flare-up [are] over so that she can show that the increased dosage of med[icine]s are working when they are not." Plaintiff asserts that Defendant Chitwood "claims at the medical appointment that she sees no sign of a gout attack knowing that Plaintiff just got over a gout flare-up and knowing that [Plaintiff] is still in extreme pain" and that she is responsible for "false reporting" when she reports in the medical records that Plaintiff "did not have a gout attack."

Plaintiff's allegations that Defendant Chitwood tried to discredit him and is responsible for false reporting on his medical records do not rise to the level of Eighth Amendment violations. Plaintiff does not allege that Defendant Chitwood failed to treat him for gout. Accordingly, the Court will dismiss Count V for failure to state a claim upon which relief may be granted.

**G.     Count VI**

In Count VI, Plaintiff claims that his Eighth Amendment rights were violated by Defendant Chitwood when, after Defendant Rowe overruled her attempt to provide a "needed medical diet (vegetarian)" to Plaintiff, she tried to "make the ongoing gout attacks her patient[']s fault and not the improper diet by creating a facade that the patient is not taking his med[icine] Allopurinal." Plaintiff alleges that the "only time" he "did not take

1 Allopurinal is when [the] black nurse at [the] pill win[dow] said there is no med[icine] today 2 for you" and that this "went on for months." Plaintiff further alleges that Defendant 3 Chitwood "deliberately refused to provide Allopurinal for gout and did not correctly report 4 gout flare-ups and mis[]le[]d the reader of medical records to justify upper medical officials' 5 refusal to order via the canteen a 'no meat' diet."

Plaintiff's claims against Defendant Chitwood in Count VI are too vague, conclusory, and confusing to state a valid claim under the Eighth Amendment. See Ivey, 673 F.2d at 268. For example, Plaintiff seems to be arguing that Defendant Chitwood made it appear that Plaintiff was not taking his Allopurinal, at that same time that he seems to be arguing that Defendant Chitwood refused to provide Allopurinal to Plaintiff. Accordingly, the Court will dismiss Count VI for failure to state a claim upon which relief may be granted.

**H.     Count VII**

In Count VII, Plaintiff claims that his Eighth Amendment rights were violated by Defendant Charles L. Ryan because, as Director of the ADOC, he "is responsible for [ADOC] policy that a medical official [doctor] is not allowed to provide a chronic gout patient a medical vegetarian diet because a vege[tarian] diet can only be prescribed by the chaplain." Plaintiff asserts that Defendant Ryan's policy that a "vege[tarian] diet is a religious diet only" is "deliberately indifferent to [his] serious medical needs."

In order to state a medical claim under the Eighth Amendment against Defendant Ryan, Plaintiff must show that Defendant Ryan was deliberately indifferent to Plaintiff's serious medical by both knowing of and disregarding an excessive risk to an Plaintiff's health. Farmer, 511 U.S. at 837. However, Plaintiff does not make any showing that Defendant Ryan knew that there was an excessive risk to Plaintiff's health if Plaintiff did not receive a vegetarian diet. Accordingly, the Court will dismiss Count VII for failure to state a claim upon which relief may be granted.

**I.     Count VIII**

In Count VIII, Plaintiff claims that his Eighth Amendment rights were violated by Defendant Rowe when he repeatedly denied requests by Defendants Phen, Thunderwood,

and Chitwood for a "vegetarian diet for a chronic gout patient claiming [that] [ADOC] policy won[']t allow a doctor to prescribe a vegetarian diet because [ADOC] policy claims that a vege[tarian] diet can only be prescribed by the chaplain."

Liberally construed, Plaintiff has stated an Eighth Amendment claim against Defendant Rowe in Count VIII. Accordingly, the Court will require Defendant Rowe to answer Count VIII.

### J.    Count IX

In Count IX,[1] Plaintiff claims that his Eighth Amendment rights were violated by Defendant Adu-Tutu because he "is top (FHA) of all the [ADOC] and over see[s] Dr. Rowe, Dr. Phen, Dr. Kenter, Dr. Thunderwood, Dr. John Doe, P.A. Chitwood and so on"; "is responsible for the medical service the doctor[s] provide"; and he "was part of the medical officials who refused to allow said [doctors] and [Physician Assistants] to prescribe a proper medical diet for a chronic gout patient - Parker."

In order to state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Also, to state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of the widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct. King, 814 F.2d at 568; see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, and, therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723

---

[1] Count IX is denoted as "Count VIV" in the Complaint.

1 | F.2d 675, 680-81 (9th Cir. 1984).

Plaintiff has not sufficiently linked the injuries that he complains about in Count IX with the actions of Defendant Adu-Tutu. Defendant Adu-Tutu is not liable for violations of Plaintiff's rights by the employees he over sees because there is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*. See Monell, 436 U.S. at 691; West, 487 U.S. at 54 n.12; Ybarra, 723 F.2d at 680-81. Plaintiff does not allege that Defendant Adu-Tutu personally denied Plaintiff medical care or directed other Defendants to deny medical care to Plaintiff. Accordingly, the Court will dismiss Count IX for failure to state a claim upon which relief may be granted.

## VI. Dismissal of Defendants

Because no claims remain against them, the Court will dismiss Defendants Charles L. Ryan, Adu-Tutu, Phen, Chitwood, Thunderwood, John Doe Food Service Canteen Manager, and Kenter from this action for failure to state a claim upon which relief may be granted.

## VII. Motion for Preliminary Injunction

On May 16, 2011, Plaintiff filed "Plaintiff's Motion For Preliminary Injunction" (Doc. 29), in which he seeks a preliminary injunction requiring the Defendants to provide him with a "'no meat of any kind diet' (low in purine) that is adequate in calories and nutritional value."

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

The Court will require Defendant Rowe to file a response to "Plaintiff's Motion For Preliminary Injunction."

**VIII. Motion for Due Process Violation Request for Injunctive Relief**

On June 22, 2011, Plaintiff filed a "Motion For Due Process Violation Request For Injunctive Relief" (Doc. 34), in which advises the Court that he has "been placed in Manzanita Detention" and that he has been "denied all [his] legal books, legal material, legal supplies, legal documents to [his] complaint, [and] access to [a] legal reference library." Plaintiff requests that the Court "[e]nforce [his] Fourt[]eenth Amendment (due process) right to the U.S. Constitution" and "grant access to the above legal material and access to a reference library."

An injunction or temporary restraining order is appropriate to grant intermediate relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit. See DeBeers Consol. Mines v. United States., 325 U.S. 212, 220 (1945); Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir.), amended, 131 F.3d 950 (11th Cir. 1997). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

Plaintiff's request for access to legal materials and to a reference library involves matters lying wholly outside the medical issues in this suit. Accordingly, the Court will deny Plaintiff's "Motion For Due Process Violation Request For Injunctive Relief."

**IX. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this

action.

**C. Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 27) and "Motion For: Extraordinary Circumstances Exist For Delay Filing" (Doc. 31) are **denied as moot**.

(2) Plaintiff's "Motion For Due Process Violation Request For Injunctive Relief" (Doc. 34) is **denied**.

(3) Defendants Charles L. Ryan, Adu-Tutu, Phen, Chitwood, Thunderwood, John Doe Food Service Canteen Manager, and Kenter are **dismissed from this action** for failure to state a claim upon which relief may be granted.

(4) Plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act, and Counts IV, V, VI, VII, and IX of the Second Amended Complaint (Doc. 26) are **dismissed** for failure to state a claim upon which relief may be granted.

(5) Defendant Rowe **must answer** Counts II, III, and VIII of the Second Amended Complaint (Doc. 26).

(6) The Clerk of Court **must send** to Plaintiff a service packet including the Second Amended Complaint (Doc. 26), "Plaintiff's Motion For Preliminary Injunction" (Doc. 29), Plaintiff's "Memorandum Of Law In Support Of Plaintiff's Motion For

Preliminary Injunction" (Doc. 30), this Order, and both summons and request for waiver forms for Defendant Rowe.

(7) Plaintiff **must complete**[2] **and return** the service packet to the Clerk of Court within **21 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant Rowe within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to Defendant Rowe. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(9) The United States Marshal **must retain** the Summons, and copies of the Second Amended Complaint, "Plaintiff's Motion For Preliminary Injunction," Plaintiff's "Memorandum Of Law In Support Of Plaintiff's Motion For Preliminary Injunction" (Doc. 30), and this Order for future use.

(10) The United States Marshal **must notify** Defendant Rowe of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant Rowe must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant Rowe within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Second Amended Complaint, "Plaintiff's Motion For Preliminary Injunction," Plaintiff's "Memorandum Of Law In Support Of Plaintiff's Motion For Preliminary Injunction," and this Order upon

---

[2] If a Defendant is an officer or employee of the ADOC, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the ADOC unless the officer or employee works there.

| | |
|---|---|
| 1 | Defendant Rowe pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and |
| 2 | (b) within 10 days after personal service is effected, file the return of service |
| 3 | for Defendant, along with evidence of the attempt to secure a waiver of service of the |
| 4 | summons and of the costs subsequently incurred in effecting service upon Defendant. |
| 5 | The costs of service must be enumerated on the return of service form (USM-285) and |
| 6 | must include the costs incurred by the Marshal for photocopying additional copies of |
| 7 | the Summons, Second Amended Complaint, "Plaintiff's Motion For Preliminary |
| 8 | Injunction," Plaintiff's "Memorandum Of Law In Support Of Plaintiff's Motion For |
| 9 | Preliminary Injunction," or this Order and for preparing new process receipt and |
| 10 | return forms (USM-285), if required. Costs of service will be taxed against the |
| 11 | personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil |
| 12 | Procedure, unless otherwise ordered by the Court. |

(11) **If Defendant Rowe agrees to waive service of the Summons and Second Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendant Rowe **must answer** the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Defendant Rowe **must file a response** to "Plaintiff's Motion For Preliminary Injunction" (Doc. 29) within **20 days** of the date of service of the Second Amended Complaint. Plaintiff **may file a reply** within **10 days** of Defendant's response.

//
//
//
//
//
//
//

(14) This matter is **referred** to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 17th day of August, 2011.

_____
G. Murray Snow
United States District Judge