1  **WO**                                                                                    RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Steven Parker,            ) | No. CV 10-2747-PHX-GMS (ECV) |
|                                ) | |
| Plaintiff,           ) | **ORDER** |
|                                ) | |
| vs.                            ) | |
|                                ) | |
| Adu-Tutu, et al.,              ) | |
|                                ) | |
| Defendants.          ) | |
|                                ) | |

Pending before the Court is Plaintiff's "Motion For Reconsideration" (Doc. 38), which the Court will deny.

**I.  Procedural Background**

On December 20, 2010, Plaintiff Mark Steven Parker, who is confined in the Arizona State Prison Complex (ASPC)-Tucson, filed a *pro se* pleading entitled "Order To Cause For A[n] Injunction For Writ Of Habeas Corpus By A Person In State Custody" (Doc. 1), which the Clerk of Court docketed as a Petition for Writ of Habeas Corpus (Petition). Plaintiff also filed a pleading entitled "Injunction For a Writ Of Habeas Corpus By A Person In State Custody" (Doc. 2) and an "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 3).

By Order filed January 4, 2011 (Doc. 5), the Court dismissed without prejudice, with leave to amend, Plaintiff's Petition (Doc. 1), which the Court construed as a civil rights Complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff was given 30 days from the filing

date of the Order to file a first amended complaint that complied with the Order.

The Court's Order also denied without prejudice Plaintiff's pleading entitled "Injunction For a Writ Of Habeas Corpus By A Person In State Custody" (Doc. 2) and "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 3). Plaintiff was given 30 days from the filing date of the Order to either pay the $350.00 filing fee or file a completed "Application To Proceed *In Forma Pauperis* By A Prisoner Civil (Non-Habeas)" and a certified six-month trust account statement from the Arizona Department of Correction's Central Office.

On January 3, 2011, Plaintiff filed a "Motion For Leave To File An Amended Complaint To Injunction For Writ Of Habeas Corpus" (Doc. 6) and a second "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)" (Doc. 7). Neither of these pleadings came to the attention of the Court before the Court's January 4, 2011 Order (Doc. 5) was filed. By Order filed January 11, 2011 (Doc. 9), the Court denied without prejudice as moot both Plaintiff's "Motion For Leave To File An Amended Complaint To Injunction For Writ Of Habeas Corpus" and second "Application To Proceed *In Forma Pauperis* By A Prisoner (Habeas)." Plaintiff was advised that he must still comply with the Court's January 4, 2011 Order (Doc. 5) in a timely manner.

On February 16, 2011, Plaintiff filed a "Motion For: Injunctive Relief" (Doc. 11). Then, on February 22, 2011, Plaintiff filed a First Amended Complaint (Doc. 12), an "Application To Proceed *In Forma Pauperis* (Doc. 13), a "Certified Statement Of Account" (Doc. 14), and a pleading entitled "Motion For: Informing Court of Due Process Violations" (Doc. 15).

On March 23, 2011, Plaintiff filed a Notice of Change of Address (Doc. 16) and a "Motion For: Request For Status" (Doc. 17). On April 4, 2011, Plaintiff filed "Plaintiff's Motion For Preliminary Injunction" (Doc. 18), "Memorandum Of Law In Support Of Plaintiff's Motion For Preliminary Injunction" (Doc. 19), and a "Motion For Leave To File An Amended Complaint" (Doc. 20). On April 5, 2010, the Court issued a "Notice To Filer Of Deficiencies In Electronically Filed Documents" (Doc. 21). On April 18, 2011, Plaintiff

filed a "Motion For Extension Of Time" (Doc. 22) and a pleading entitled "Filer Not In Possession Requesting Copy" (Doc. 23).

By Order filed April 21, 2011 (Doc.24), the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 13); granted in part and denied in part Plaintiff's "Motion For: Request For Status" (Doc. 17), "Motion For Leave To File An Amended Complaint" (Doc. 20), and pleading entitled "Filer Not In Possession Requesting Copy" (Doc. 23); denied Plaintiff's "Motion For Extension Of Time" (Doc. 22) as moot; denied without prejudice Plaintiff's "Motion For: Injunctive Relief" (Doc. 11), "Motion For: Informing Court of Due Process Violations" (Doc. 15), and "Plaintiff's Motion For Preliminary Injunction" (Doc. 18); dismissed without prejudice Plaintiff's First Amended Complaint (Doc. 12); gave Plaintiff 30 days from the date the Order was filed to file a second amended complaint; and directed the Clerk of Court to mail to Plaintiff a copy of his First Amended Complaint (Doc. 12) and a court-approved form for filing a civil rights complaint by a prisoner.

On May 16, 2011, Plaintiff filed a Second Amended Complaint (Doc. 26), a new "Application To Proceed *In Forma Pauperis*" (Doc. 27), a "Certified Statement Of Account" (Doc. 28), "Plaintiff's Motion For Preliminary Injunction" (Doc. 29), "Memorandum Of Law In Support Of Plaintiff's Motion For Preliminary Injunction" (Doc. 30), and "Motion For: Extraordinary Circumstances Exist For Delay Filing" (Doc. 31). On June 22, 2011, Plaintiff filed a "Motion For Due Process Violation Request For Injunctive Relief" (Doc. 34).

By Order filed August 17, 2011 (Doc. 35), the Court denied as moot Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 27) and "Motion For: Extraordinary Circumstances Exist For Delay Filing" (Doc. 31); denied Plaintiff's "Motion For Due Process Violation Request For Injunctive Relief" (Doc. 34); dismissed from this action Defendants Charles L. Ryan, Adu-Tutu, Phen, Chitwood, Thunderwood, John Doe Food Service Canteen Manager, and Kenter; dismissed Plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act, and Counts IV, V, VI, VII, and IX of the Second Amended Complaint (Doc. 26); required Defendant Rowe to answer Counts II, III, and VIII

1 of the Second Amended Complaint and to file a response to "Plaintiff's Motion For
2 Preliminary Injunction" (Doc. 29); and referred this matter to Magistrate Judge Edward C.
3 Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial
4 proceedings as authorized under 28 U.S.C. § 636(b)(1).

**II.   Plaintiff's Motion for Reconsideration**

On September 26, 2011, Plaintiff filed his "Motion For Reconsideration" (Doc. 38), in which he seeks reconsideration of the Court's Order filed on August 17, 2011 (Doc. 35) in so far as it dismissed Defendants Charles L. Ryan and John Doe Food Service Canteen Manager from this action.

Plaintiff has given no indication which Federal Rule governs his Motion. However, the Court has the authority and discretion to revise its Order filed August 17, 2011, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides in relevant part that "any order or other decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

In general, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). "There may also be other, highly unusual, circumstances warranting reconsideration." Id.

Having considered the foregoing standards, this Court's Order filed August 17, 2011, the record in this case, and Plaintiff's Motion, the Court declines to revise its Order filed August 17, 2011. Plaintiff has not alleged that there has been an intervening change in controlling law, or presented the Court with any persuasive evidence indicating that it made a manifest error of law or fact. Further, he presents no newly discovered evidence. See Brown v. Wright, 588 F.2d 708 (9th Cir. 1978). Accordingly, Plaintiff's Motion will be

denied.

**IT IS ORDERED:**

(1) The reference to Magistrate Judge Edward C. Voss is **withdrawn only** with respect to Plaintiff's "Motion For Reconsideration" (Doc. 38).

(2) Plaintiff's "Motion For Reconsideration" (Doc. 38) is **denied**.

(3) All other matters **must remain** with Magistrate Judge Edward C. Voss for disposition as appropriate.

DATED this 1st day of November, 2011.

G. Murray Snow
United States District Judge