1  **WO**                                                                    JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Mark Steven Parker,          )   No. CV 10-2747-PHX-GMS (ECV)
                             )
        Plaintiff,           )   **ORDER**
                             )
vs.                          )
                             )
Adu-Tutu, et al.,            )
                             )
        Defendants.          )
                             )

Plaintiff Mark Steven Parker brought this civil rights action under 42 U.S.C. § 1983 against Dr. Rowe, an Arizona Department of Corrections (ADC) Facility Health Administrator (Doc. 26).[1] Before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 29), which Defendant opposes (Doc. 46).

The Court will deny Plaintiff's motion.

**I.    Background**

Plaintiff's claims arose during his confinement at the Arizona State Prison Complex in Florence, Arizona (Doc. 26 at 1). Plaintiff suffers from chronic gout, and he alleged that Defendant was deliberately indifferent to this serious medical need (id. at 7, 9). In Counts II and III of his Second Amended Complaint, Plaintiff alleged that Defendant denied other

---

[1] Upon screening, the Court dismissed Ryan, Adu-Tutu, Phen, Chitwood, Thunderwood, Kenter, and John Doe Food Service Canteen Manager as Defendants (Doc. 35).

physician's requests to provide Plaintiff a medically prescribed "no meat" diet (id. at 9-11). In Count VIII, Plaintiff alleged that Defendant repeatedly denied three physicians' requests to prescribe Plaintiff a vegetarian diet for his chronic gout (id. at 20). The Court dismissed all other Counts at screening (Doc. 35).[2]

At the same time he filed his Second Amended Complaint, Plaintiff filed a Motion for Preliminary Injunction, which is supported by a separate Memorandum of Law (Docs. 29, 30). Plaintiff seeks an Order directing Defendant and any persons acting in concert with him to provide Plaintiff a "no meat" diet (Doc. 29). Plaintiff asserts that there is a reasonable likelihood of success on the merits of his claim because his medical need is obvious; he states that the lack of a proper diet has caused him to endure five operations for his chronic gout (Doc. 30 at 2-3). Plaintiff contends that Defendant's failure to provide a proper medical diet amounts to deliberate indifference and that indifference has caused Plaintiff to suffer unnecessary pain (id. at 4; Doc. 29 at 2). Plaintiff further contends that there is a substantial threat of irreparable harm given that he will continued to suffer serious physical injury without a proper medical diet (Doc. 30 at 4-5). Plaintiff avers that in addition to the surgeries he has had to undergo, he is now partially crippled and he may be forced to use a wheelchair if his condition worsens (id. at 5). He submits that the threatened harm to him outweighs any harm that an injunction may cause Defendant (id. at 7-8). Lastly, Plaintiff argues that the public interest is served by an injunction that protects the constitutional rights "of all its members" (id. at 8).

In its Screening Order, the Court directed Defendant to respond to Plaintiff's motion (Doc. 35 at 13). In his response, Defendant states that since the filing of his motion, Plaintiff's request for a vegan diet, which contains no meat or other animal-derived ingredients, was approved and he began receiving a vegan diet in November 2011 (Doc. 46 at 2). Defendant's response is supported by the declaration of Chaplain Phillip Irby and a

---

[2]The Court did not dismiss Count I; however, because the only named Defendant in Count I was a Doe Defendant, the Court did not direct service on the Doe Defendant (Doc. 35 at 7).

1 copy of the response to Plaintiff's grievance appeal seeking a vegan diet (id., Ex. A). Because Plaintiff now receives the vegan diet, Defendant asks the Court to deny Plaintiff's injunctive request as moot (id. at 2).

In the alternative, Defendant argues that Plaintiff is not entitled to an injunction because he failed to exhaust administrative remedies for his claim prior to filing his lawsuit and he failed to make the requisite showing for injunctive relief (id. at 4-5).

Plaintiff did not file a reply.

## II. Preliminary Injunction

### A. Legal Standard

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). An injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

In attempting to establish either eligibility for an injunction or that a party is not entitled to injunctive relief, the parties may rely on developments that postdate the pleadings and pretrial motions. Farmer v. Brennan, 511 U.S. 825, 846 (1994).

### B. Analysis

Defendant presents evidence showing that since filing his request for injunctive relief, Plaintiff has received the very relief he sought in his motion (Doc. 46, Ex. A). In failing to file a reply, Plaintiff does not dispute that he now receives the requested vegan diet. Accordingly, Plaintiff's motion for injunctive relief is moot and will be denied. See Farmer,

511 U.S. at 846.

**IT IS ORDERED that** the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Preliminary Injunction (Doc. 29), and the Motion is **denied**.

DATED this 13th day of February, 2012.

_____
G. Murray Snow
United States District Judge