1    **WO**                                                                    JDN

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Mark Steven Parker,                    )    No. CV 10-2747-PHX-GMS (ECV)
                                            )
10                                           )    **ORDER**
                     Plaintiff,             )
11                                           )
     vs.                                     )
12                                           )
     Adu-Tutu, et al.,                       )
13                                           )
                                            )
14                   Defendants.            )
                                            )
15   _____)

16        Plaintiff Mark Steven Parker brought this civil rights action under 42 U.S.C. § 1983

17   against Dr. Rowe, an Arizona Department of Corrections (ADC) Facility Health

18   Administrator (Doc. 26).[1] Before the Court is Plaintiff's Motion for Reconsideration of the

19   Court's Order denying his request for an injunction (Doc. 92; see Doc. 73, denying Doc. 29).

20        The Court will grant the Motion for Reconsideration.

21        In reconsidering its prior Order and reviewing the parties' briefing related to

22   Plaintiff's Motion for Preliminary Injunction (Doc. 29), the Court finds that Plaintiff's

23   request for injunctive relief should be denied without prejudice to refiling.

24   **I.    Background**

25        In his Second Amended Complaint, Plaintiff alleged that Defendant was deliberately

26

27        _____

            [1]Upon screening, the Court dismissed Ryan, Adu-Tutu, Phen, Chitwood,
28   Thunderwood, Kenter, and John Doe Food Service Canteen Manager as Defendants (Doc.
     35).

1
2
3

indifferent to Plaintiff's serious medical need when he denied other physicians' requests to provide Plaintiff a medically-prescribed vegetarian diet for his chronic gout (Doc. 26 at 7, 9-11, 20).

4
5
6
7
8
9
10
11

In May 2011, Plaintiff filed a Motion for Preliminary Injunction and requested an Order directing Defendant and any persons acting in concert with him to provide Plaintiff a prescribed medical, "no meat" diet for chronic gout (Doc. 29). In his response, dated November 23, 2011, Defendant stated that a vegan diet, which contains no meat or other animal-derived ingredients, was approved for Plaintiff and he began receiving it in November 2011 (Doc. 46). On February 13, 2012, the Court entered an Order denying Plaintiff's motion on the grounds that Defendant presented evidence that Plaintiff was now receiving the requested vegan diet and Plaintiff did not file a reply to dispute that evidence (Doc. 73).

12

**II.    Motion for Reconsideration**

13
14
15
16
17
18
19

Plaintiff now moves for reconsideration of the February 13, 2012 Order on the basis that he filed a reply memorandum disputing Defendant's evidence prior to the Court's Order but that reply was not considered in the Court's ruling (Doc. 92). Plaintiff notes that in his reply memorandum, he disputed Defendant's contentions that Plaintiff was receiving the requested vegan diet (id. at 4). Plaintiff asserts that he is not receiving a vegan diet and there is no legitimate penological objective for denying him the diet because the Director and the Chaplain have prescribed a vegan diet card (id. at 4-5).

20
21
22
23
24
25
26
27
28

The Court directed Defendant to respond to the Motion for Reconsideration (Doc. 96). See LRCiv 7.2(g)(2). In his response, Defendant presents further argument in opposition to Plaintiff's preliminary-injunction request (Doc. 103 at 2-5). Defendant states that the ADC Director granted Plaintiff's request for a religious vegan diet in October 2011, and Plaintiff began receiving the diet the following month (id. at 2). Defendant asserts that under ADC policy, an inmate may be removed from a religious diet if he requests to be removed, if he changes his religious preference, if he misses 5 or more meals in 7 days, or if he violates the religious-diet agreement (id.). Defendant attaches the declaration of Chaplain Richard Webster and a copy of Department Order 904, "Inmate Religious Activities/Marriage

Requests" (id., Attachs.).  Webster avers that on July 7, 2011, Plaintiff signed an agreement stating that he understood that only food trays prepared for his religious diet will be available to him and he will not try to take regular diet trays (id., Webster Decl. ¶ 8).  Webster states that Plaintiff was subsequently approved for a religious vegan diet (id. ¶ 9).  According to Webster, on January 20, 2012, an Information Report was filed stating that Plaintiff had refused his vegan diet and requested a regular food tray (id. ¶ 10).  Webster avers that, as a result, Plaintiff's religious diet was suspended (id.).

Defendant argues that Plaintiff is seeking a mandatory injunction because he asks the Court to direct ADC to take affirmative action and provide him a vegan diet regardless of whether he adheres to it (Doc. 103 at 3).  Defendant maintains that Plaintiff is not entitled to the requested relief because he fails to show that he will suffer irreparable harm, that the balance of equities tips in his favor, or that an injunction would be in the public interest (id. at 4).

In reply, Plaintiff explains that for the last four years, despite his chronic severe and painful gout, prison officials have refused to prescribe him a vegan diet and, as a result, he suffers pain and permanently deformed feet (Doc. 110 at 2).  Plaintiff argues that this case is about the denial of *medically*-prescribed vegan diet low in purine as is needed for chronic gout; Plaintiff states that the *religious* vegan diet is high in purine (id.).  Thus, Plaintiff asserts that contrary to Defendant's assertion, Plaintiff has never received the requested relief because he has never been given a medically prescribed low-purine-vegan diet (id. at 6, 8).  Plaintiff notes that his claim is an Eighth Amendment medical claim, not a First Amendment claim related to religious practice (id. at 8).

Plaintiff claims that the January 20, 2012 Information Reports referenced by Defendant were falsified and he never requested to be removed form the religious diet; rather, he has requested that the diet be a low-purine vegan diet (id. at 5).  Plaintiff notes that the diet agreement states that a written request is required to be removed from the religious diet and Plaintiff never submitted a written request (id.).  Plaintiff also contends that the July 7, 2011 diet agreement that Defendant relies on is nonetheless void because his July 2011

- 3 -

1  religious-diet request was denied, and he submits grievance documents showing that his

2  request was denied based on the lack of a sincere religious reason (id. at 7, Ex. B).

3      Plaintiff contends that the medical records that he has submitted demonstrate that he

4  is likely to prevail on the merits of his claim and that he will suffer irreparable harm;

5  specifically, repeated gout attacks, severe pain, and ultimately restriction to a wheelchair (id.

6  at 5). Plaintiff therefore renews his request for an order directing that he be provided a low-

7  purine vegan diet that does not induce gout (id. at 6).

8  **III.   Reconsideration**

9      **A.   Legal Standard**

10     Motions for reconsideration should be granted only in rare circumstances. Defenders

11  of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for

12  reconsideration is appropriate where the district court "(1) is presented with newly

13  discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

14  or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah

15  County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration

16  "may not be used to raise arguments or present evidence for the first time when they could

17  reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop,

18  229 F.3d 877, 890 (9th Cir. 2000).  Nor may a motion for reconsideration repeat any

19  argument previously made in support of or in opposition to a motion. Motorola, Inc. v. J.B.

20  Rodgers Mech. Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

21     **B.   Analysis**

22     The docket shows that Plaintiff filed a reply in support of his preliminary-injunction

23  motion; the reply is signed and dated January 20, 2012 (Doc. 72).  The Court did not receive

24  Plaintiff's reply until February 10, 2012 (id.).  Inexplicably, Plaintiff's reply was not

25  considered by the Court.  The Court finds that this warrants reconsideration of the Court's

26  February 13, 2012 Order, and Plaintiff's Motion for Reconsideration will be granted.

27     Plaintiff's Motion for Preliminary Injunction will be readdressed based on the briefing

28  before the Court.

**IV.     Preliminary Injunction**

**A.     Legal Standard**

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). An injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Under the "serious questions" version of the sliding-scale test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. See Alliance for the Wild Rockies, 632 at 1135.

Regardless of which test is applied, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." Comm. of Cent. Am. Refugees v. I.N .S., 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the

harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

### B.   Analysis

Plaintiff seeks injunctive relief in the form of an order directing Defendant to provide him with a medical diet for his chronic gout (Doc. 29 at 1). This injunction request relates to the underlying Eighth Amendment claim alleged against Defendant for his failure to approve a prescribed medical diet for Plaintiff (see Doc. 35 at 8). Defendant's responses to Plaintiff's Motion for Preliminary Injunction and Motion for Reconsideration, however, focus solely on a religious diet and do not address the specific medical-care claim and preliminary injunction request for a medically-prescribed low-purine vegan diet.

Even without a proper response by Defendant, the Court may not issue an injunction unless Plaintiff satisfies the four elements set forth in Winter. See 555 U.S. at 20. To meet the irreparable harm requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. Fed. R. Civ. P. 65(b). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine, 844 F.2d at 674.

Plaintiff alleges that he suffers chronic gout, that since 2008 he has been denied a low purine diet for his condition, and that, as a result, he has endured five operations (Doc. 29 at 3). He states that he suffers headaches, constipation, lethargy, depression, and internal bleeding and liver damage—as a result of harsh medication taken to counter the improper diet he receives (id. at 4-5). Plaintiff further states that he suffers severe pain in his feet, knees, hands, and elbows (id. at 5). Plaintiff contends that if he continues to be denied a proper medical diet, his pain and injuries will worsen and he will be permanently crippled and restricted to a wheelchair (id. at 3).

In his reply in support of his Motion for Reconsideration, Plaintiff states that he has submitted his medical records; however, he does not specify where in the record his medical

1   records can be found (Doc. 110 at 5).  No medical records are attached to his Motion for
2   Reconsideration briefing (see Docs. 92, 110), nor are records submitted with his Motion for
3   Preliminary Injunction (see Docs. 29-30, 72).  The Court has reviewed the Second Amended
4   Complaint (Doc. 26) and Plaintiff's previous Motion for Preliminary Injunction briefing
5   (Docs. 18-19), but finds no medical records.

6        Because Plaintiff seeks mandatory, as opposed to prohibitory, relief, the Court must
7   be "extremely cautious about issuing a preliminary injunction."  Martin v. Int'l Olympic
8   Comm., 740 F.2d 670, 675 (9th Cir. 1984).  Although Plaintiff's medical history is not
9   disputed by Defendant, and Plaintiff has personal knowledge to attest to his pain, there is no
10  medical evidence establishing Plaintiff's medical condition or the progression of his
11  condition.  There is also no medical evidence supporting that a low-purine vegan diet is
12  appropriate treatment for chronic gout and that such a diet will likely alleviate Plaintiff's
13  suffering.

14       The lack of any medical evidence also renders Plaintiff unable to show that Defendant
15  has been deliberately indifferent to Plaintiff's serious medical need.  See Jett v. Penner, 439
16  F.3d 1091, 1096 (9th Cir. 2006).  As such, Plaintiff cannot establish a likelihood of success
17  on the merits of his claim.

18       Therefore, absent any medical records or medical evidence to show that Plaintiff will
19  suffer irreparable harm and that there is a likelihood of success on the merits, the Court
20  declines to issue an injunction.  Plaintiff's Motion for Preliminary Injunction will be denied
21  without prejudice to refiling.

22  **IT IS ORDERED:**

23       (1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for
24  Reconsideration (Doc. 92), and the Motion is **granted**.

25       (2) Upon reconsideration of Plaintiff's Motion for Preliminary Injunction (Doc. 29),
26  the Motion is **denied**.[2]

27

28       [2]The docket already reflects that Plaintiff's Motion for Preliminary Injunction (Doc.
    29) is denied pursuant to the Court's February 13, 2012 Order (Doc. 73).  Although the basis

- 7 -

1    DATED this 22nd day of May, 2012.

2

3                              _____
                                      G. Murray Snow
4                              United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    for denial of the motion has changed as set forth in this Order, because the motion remains
      denied, it is unnecessary to vacate the February 13, 2012 Order.

- 8 -