**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Steven Parker,<br><br>    Plaintiff,<br><br>vs.<br><br>Adu-Tutu, et al.,<br><br>    Defendants. | No. CV 10-2747-PHX-GMS (ECV)<br><br>**ORDER** |

This matter comes before the Court pursuant to the Ninth Circuit Court of Appeal's transfer of an appeal filed by Plaintiff Mark Steven Parker (Doc. 94).

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against Dr. Rowe, an Arizona Department of Corrections Facility Health Administrator (Doc. 26).[1] Plaintiff suffers from chronic gout, and he alleged that Defendant was deliberately indifferent to this serious medical need when he repeatedly denied other physician's requests to provide Plaintiff a medically prescribed vegetarian diet for his gout (id. at 7, 9-11, 20).

On September 10, 2011, Plaintiff filed a Motion for Access to a Wordprocessor, in which he asked the Court to order prison officials to provide him 10 hours of access to a wordprocessor each week to prepare legal documents (Doc. 37). On November 15, 2011,

---

[1] Upon screening, the Court dismissed Ryan, Adu-Tutu, Phen, Chitwood, Thunderwood, Kenter, and John Doe Food Service Canteen Manager as Defendants (Doc. 35).

1   the Magistrate Judge denied Plaintiff's motion on the ground that he did not present evidence
2   to show that he was unable to access the court without a wordprocessor (Doc. 45). Plaintiff's
3   Motion for Reconsideration of that Order (Doc. 51) was denied by the Magistrate Judge on
4   January 3, 2012 (Doc. 64).

5   On February 8, 2012, Plaintiff filed an appeal of the Order denying reconsideration
6   to the District Judge (Doc. 70). On February 16, 2012, the District Judge affirmed the
7   Magistrate Judge's denial (Doc. 80).

8   Meanwhile, on February 10, 2012, Plaintiff filed an appeal to the Ninth Circuit that
9   also challenged the Magistrate Judge's Order denying reconsideration (Doc. 74).

10  On March 15, 2012, the Ninth Circuit issued its Order stating that it did not have
11  jurisdiction over the appeal because a magistrate judge order is not final or appealable (Doc.
12  94). The Ninth Circuit further stated that the Magistrate Judge did not have authority to deny
13  a request for injunctive relief; therefore, it transferred the appeal to the district court (id. at
14  1-2).

15  Pursuant to the Ninth Circuit's Order and transfer, the district court now addresses
16  Plaintiff's appeal and request for access to a wordprocessor.

17  **I.   Jurisdiction**

18  Unless both parties consent to the magistrate's exercise of plenary authority, the
19  magistrate judge is limited to hearing and determining pretrial matters "except a motion for
20  injunctive relief . . . ." 28 U.S.C. 636(b)(1) & (c); Reynaga v. Cammisa, 971 F.2d 414, 416
21  (9th Cir. 1992). Accordingly, the Magistrate Judge did not have authority to rule on
22  Plaintiff's September 2011 Motion for Access to a Word Processor, and it should have been
23  addressed by the District Judge.

24  The Court will therefore vacate the Magistrate Judge's Order denying Plaintiff's
25  Motion for Access to a Wordprocessor (Doc. 45) and the February 16, 2012 Order that
26  affirmed the Magistrate Judge's denial of Plaintiff's Motion for Reconsideration (Doc. 80).
27  The Court herein conducts a de novo review of Plaintiff's request for injunctive relief.
28

## II. Preliminary Injunction

### A. Legal Standard

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Under the "serious questions" version of the sliding-scale test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. See Alliance for the Wild Rockies, 632 at 1135.

Regardless of which test is applied, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." Comm. of Cent. Am. Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

### B. Plaintiff's Motion for Access to a Wordprocessor

In his motion, Plaintiff states that he is 51-years old and suffers from gout and rheumatoid arthritis and that it is "draconian" to force him to hand write all his documents

"like a medieval monk" (Doc. 37 at 1-2). Plaintiff argues that the Court is more likely to be receptive to a typed document rather than a hand-written one, and he maintains that his right to petition the government is likely to be hindered if he is denied 10 hours of access to a wordprocessor each week (id. at 2-3).

Defendant did not file a response.

### C.   Analysis

The Court may not issue an injunction unless Plaintiff satisfies the four elements set forth in Winter. See 555 U.S. at 20. As set forth below, Plaintiff does not satisfy his burden under Winter; therefore, a response from Defendant is unnecessary.

Initially, the Court notes that although Plaintiff's underlying complaint relates solely to medical care, because his request for injunctive relief concerns his access to the court, his motion may be considered. See Diamontiney v. Borg, 918 F.2d 793, 796 (9th Cir. 1990) (where the preliminary injunction concerns the movant's access to the court, the merits of the underlying suit need not be considered).

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). But the right of access to the courts is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. See Lewis v. Casey, 518 U.S. 343, 354 (1996); see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995). To maintain an access-to-the-courts claim, an inmate must submit evidence showing an "actual injury" resulting from the defendant's actions. See Lewis, 518 U.S. at 349. With respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." Id. at 348-49.

Here, Plaintiff submits no allegations or evidence showing actual injury. See id. at 349. He does not allege that he has no legal access or that he has been unable or will be unable to file documents. Indeed, the docket reflects that since he filed his Motion for Access to a Wordprocessor, Plaintiff has submitted over 20 filings to the Court, including other preliminary injunction motions (Docs. 69, 71), motions for appointment of counsel and

discovery motions (Docs. 55, 97, 117), change-of-address notices (Docs. 53-54, 61, 101, 108), motions for reconsideration and for an extension (Docs. 51-52, 92), declarations (Docs. 47, 114), and discovery documents (Docs. 82-83, 88-89, 91, 115).

Plaintiff generally asserts that he suffers pain as a result of his chronic gout and rheumatoid arthritis; however, he does not explain how typing will not aggravate his conditions. Further, his motion does not address the other prerequisites for injunctive relief—whether there is a likelihood of success on the merits, whether the balance of equities tips in his favor, or whether an injunction is in the public interest. See Winter, 555 U.S. at 20. Consequently, Plaintiff fails to meet his burden for an injunction, much less the heightened burden required for the mandatory relief that he seeks. Plaintiff's Motion for Access to a Wordprocessor will therefore be denied.

**IT IS ORDERED:**

(1) The Magistrate Judge's November 15, 2011 Order (Doc. 45) and the Court's February 16, 2012 Order (Doc. 80) are **vacated**.

(2) Plaintiff's Motion for Access to a Wordprocessor (Doc. 37) is **denied**.

DATED this 28th day of June, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge