**WO**                                                                                          JDN

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Steven Parker, | No. CV 10-2747-PHX-GMS (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Adu-Tutu, et al., | |
| Defendants. | |

Plaintiff Mark Steven Parker brought this civil rights action under 42 U.S.C. § 1983 against Dr. Rowe, an Arizona Department of Corrections (ADC) Facility Health Administrator (Doc. 26).[1] Before the Court is Plaintiff's Motion to Compel for Photocopying Services (Doc. 111), which Defendant opposes (Doc. 113).

The Court will deny Plaintiff's motion.

## I.   Background

Plaintiff's claims arose during his confinement at the Arizona State Prison Complex in Florence, Arizona (Doc. 26 at 1).  Plaintiff alleged that Defendant was deliberately indifferent to Plaintiff's serious medical need when he repeatedly denied other physician's requests to provide Plaintiff a medically prescribed vegetarian diet for his chronic gout (id.

---

[1]Upon screening, the Court dismissed Ryan, Adu-Tutu, Phen, Chitwood, Thunderwood, Kenter, and John Doe Food Service Canteen Manager as Defendants (Doc. 35).

at 7, 9-11, 20; Doc. 35).[2]

Plaintiff now moves for injunctive relief in the form of an Order directing the paralegal at the Kingman facility where is he housed to provide photocopy services for all motions, including change-of-address notices (Doc. 111 at 1).  Plaintiff asserts that the paralegal and prison officials have refused to provide such services (id.). Plaintiff submits the copy of a notice from the Office of the Clerk of the District Court for the District of Arizona, which informs Plaintiff that Local Rule of Civil Procedure 5.4 requires him to submit an original document, a copy for the judge, and a second copy if Plaintiff desires a stamped copy returned to him (id., Ex. A1).  Plaintiff also submits the copy of his April 23, 2012 form requesting copies of a Notice of Change of Address and two other documents, which are illegible (id., Ex. A2).  The paralegal's response to the copy request indicates that the requested documents are "non-qualified . . . non-legal matter" and no copies were provided to Plaintiff (id.).  Plaintiff contends that the ability to copy legal documents is critical and the denial of copies could result in tangible harm (Doc. 111 at 2).

Defendant opposes Plaintiff's motion, and argues that Plaintiff fails to satisfy the elements for a preliminary injunction—that he is likely to prevail on the merits or suffer irreparable harm, that the balance of equities tips in his favor, or that an injunction is in the public interest (Doc. 113 at 4).  According to Defendant, ADC policy regulates legal copies, and the policy differentiates between "qualified" and "non-qualified" legal copying claims (id., citing Ex. A, Department Order (DO) 902).  Under this policy, qualified legal claims relate to direct appeals, Post Conviction Relief proceedings, and, in federal court, any claim based on an alleged violation of the Constitution or federal law (id. at 4-5).  Defendant states that the policy requires paralegals to review all copy requests to determine whether they concern a qualified legal claim (id. at 5).  Defendant explains that charges apply for both types of legal copies; however, if an inmate does not have funds to pay for non-qualified

---

[2]Plaintiff's claims are set forth in Counts II, III, and VIII (Doc. 26).  The Court dismissed all other Counts except Count I; however, the only named Defendant in Count I was a Doe Defendant, and the Court did not direct service on the Doe Defendant (id.; Doc. 35 at 7).

legal copying, copies are denied (id., Ex. A, DO 902.07 § 1.1).  But if an inmate does not have funds to pay for qualified legal copying, copies are still provided and the inmate's account is placed on hold until the debt is paid (id., DO 902.06 § 1.1).

Defendant argues that although Plaintiff has a right of access to the courts, he does not have a right to free and unlimited photocopying (id. at 5).  Defendant asserts that Plaintiff has shown just one instance when he was denied photocopies, and, although the reason for the April 23, 2012 denial is unexplained, Plaintiff has not shown that he has been consistently denied copies or denied access to the court (id. at 5-6).

Plaintiff did not file a reply.

**II.    Governing Standard**s

**A.    Preliminary Injunction**

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  The movant has the burden of proof on each element of the test.  Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Under the "serious questions" version of the sliding-scale test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)).  This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another.  See Alliance for the Wild Rockies, 632 at 1135.

Regardless of which test is applied, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and

law clearly favor the plaintiff." Comm. of Cent. Am. Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); see Gilmore v. People of the State of Cal., 220 F.3d 987, 999 (9th Cir. 2000).

**B.      Access to the Courts**

Generally, an injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997). But if the request for relief concerns the prisoner's access to the courts, "a nexus between the preliminary relief and the ultimate relief sought is not required." Prince v. Schriro, et al., 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009), citing Diamontiney v. Borg, 918 F.2d 793, 796 (9th Cir. 1990).

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). The right of access to the courts, however, is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. See Lewis v. Casey, 518 U.S. 343, 354 (1996); see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995). To maintain an access-to-the-courts claim, an inmate must submit evidence showing an "actual injury" resulting from the defendant's actions. See Lewis, 518 U.S. at 349. With respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." Id. at 348-49.

**III.    Analysis**

Because Plaintiff's pending motion relates to his ability to obtain legal copies, i.e. his access to the court, the Court may consider his request for injunctive relief. See Diamontiney, 918 F.2d at 796 (where the preliminary injunction concerns the movant's access to the court, the merits of the underlying suit need not be considered).

It may be possible that an arbitrary refusal to provide photocopies could lead to a finding of denial of access to the courts.  See Gluth v. Kangas, 951 F.2d 1504, 1508 (9th Cir. 1991) (arbitrarily denying access to a prison library could constitute a violation of the right of access to the courts, even if the regulations governing library access were arguably facially valid).  Still, there must be a showing of actual injury, and the Court finds that Plaintiff has not shown actual injury.  See Lewis, 518 U.S. at 349.  Plaintiff does not allege what, if any, harm he suffered as a result of the paralegal's refusal to deny him copies on April 23, 2012. Plaintiff does not allege that this denial caused him to miss a deadline, nor does he allege that he has been denied copies any other time.  The docket reflects that Plaintiff has not been denied access to the Court; rather, he has been able to submit numerous filings since the April 23, 2012 incident (see Docs. 108, 110-111, 115, 117).  And, although it may be inconvenient, Plaintiff may always make handwritten copies of his motions or address-change notices.

Finally, as noted by Defendant, in addition to failing to demonstrate actual or irreparable injury, Plaintiff does not address any of the other requirements that must be shown to warrant injunctive relief.  See Winter, 555 U.S. at 20.

For these reasons, an injunction is not warranted, and Plaintiff's motion will be denied.

**IT IS ORDERED that** the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion to Compel for Photocopying Services (Doc. 111), and the Motion is **denied**.

DATED this 2nd day of August, 2012.

_H. Murray Snow_

G. Murray Snow
United States District Judge